UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOSE LUIS BASURTO-JIMENEZ,

Petitioner,

v. Case No. 3:26-cv-1160-MMH-SJH

U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.,

Respondents.

---

**ORDER**

Petitioner Jose Luis Basurto-Jimenez, an immigration detainee, is proceeding through counsel on a Petition for Writ of Habeas Corpus (Doc. 1). Basurto-Jimenez, a citizen of Mexico, entered the United States on March 19, 2000. Id. at 4. On March 20, 2026, United States Immigration and Customs Enforcement detained Basurto-Jimenez following his arrest for driving without a valid driver's license. Id. at 5. Basurto-Jimenez challenges his immigration detention and seeks, inter alia, either immediate release or an individualized bond hearing. See id. at 8–12.

Respondent Warden filed a Motion to Dismiss (Doc. 8), arguing he is not a proper respondent in this case. The Federal Respondents filed a Response (Doc. 7) asserting that they are now detaining Basurto-Jimenez under 8 U.S.C.

§ 1226(a), and conceding that to the extent he seeks an individualized bond hearing, the Court should grant the Petition based on the Eleventh Circuit Court of Appeals' recent decision in Hernandez Alvarez v. Warden, Federal Detention Center Miami, 175 F.4th 1258 (11th Cir. 2026) (concluding that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior").

When Basurto-Jimenez was detained in March 2026, he was not seeking entry at the border; therefore, as the Federal Respondents now concede, he is not subject to § 1225 and instead is detained under § 1226. See id. at 1285 (recognizing the "longstanding border-interior distinction" for purposes of immigration detention that Congress preserved in the Immigration and Nationality Act). Accordingly, it is

**ORDERED**:

1. Basurto-Jimenez's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** as to his claim that his detention without an individualized bond hearing violates the Immigration and Nationality Act.[1] Within **seven days** of this Order, Respondents shall either afford Basurto-Jimenez an individualized

[1] Because the Court finds that Basurto-Jimenez is entitled to relief on his assertion that Respondents violated the Immigration and Nationality Act, the Court need not address his remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

bond hearing consistent with 8 U.S.C. § 1226(a) or release him. If Respondents release Basurto-Jimenez, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

2. Respondent Warden's Motion to Dismiss (Doc. 8) is **DENIED**. See, e.g., Fonseca v. Ripa, No. 3:26-CV-309-MMH-MCR, 2026 WL 1072778, *4–5 (M.D. Fla. Apr. 21, 2026).

3. The **Clerk** is directed to terminate any pending motions, enter judgment granting the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 3rd day of September, 2026.

Marcia Morales Howard

**MARCIA MORALES HOWARD**
United States District Judge

Jax-9 9/1
c:
Counsel of Record